ALBION JONES *versus* ISRAEL SPENCER *and others.*

When a poor debtor discloses property in his possession, and it is not appraised by the justices hearing the disclosure, although they allow him to take the oath prescribed in the statute, the condition of the bond is not fulfilled, and the creditor is entitled to recover in a suit upon the bond.

ON REPORT of the evidence by TENNEY, C. J.

DEBT on a poor debtor's bond. Plea *non est factum*, with a brief statement alleging performance of one of the conditions of the bond, by taking the poor debtor's oath within the time limited in the bond.

It was admitted that Spencer, the debtor, who gave the bond, took the oath in due time before two justices of the peace and quorum of the county, and received a certificate thereof in proper form.

The plaintiff introduced the disclosure of Spencer, made before said justices; from which it appeared that Spencer disclosed a debt due him from Calvin Dwinel of $500, another from Welcome Doe of $5, money in hand $5, &c. None of the property disclosed was appraised by the justices. It was further proved that Dwinel was a man of wealth.

The evidence was reported, the Court to enter judgment by nonsuit or default, according to the law of the case.

*D. D. Stewart*, for the plaintiff, argued that the bond was forfeited, and the plaintiff entitled to recover. *Fessenden* v. *Chesley*, 29 Maine, 368; *Baldwin* v. *Doe*, 36 Maine, 494; R. S., 1857, c. 113, § 48.

*E. Hutchinson*, for the defendant.

The decision of the Court was delivered by

TENNEY, C. J.—*Defendant to be defaulted. Judgment for plaintiff.*

APPLETON, CUTTING, MAY and GOODENOW, JJ., concurred.